## CIRCUIT COURT OF LANCASTER COUNTY

Davis Dodge,
Chrysler, Plymouth, Inc.

v.

Sifa Corp. and
Superior Insurance Co.

October 25, 1991

By JUDGE JOSEPH E. SPRUILL, JR.

The plaintiff here appeals an adverse ruling of the General District Court dismissing his claim in debt against defendant.

On May 16, 1989, plaintiff, Davis Dodge, leased an automobile to Michael Redmond, whose own vehicle had been damaged in a collision with another vehicle insured by Superior Insurance Company. Davis claims to have leased the vehicle to Redmond on the authority of Mary Woleben, an employee of Sifa, an independent insurance agency which sells and services policies issued by Superior. Redmond signed the form lease agreement presented by Davis obligating himself for the payment of the rental charges. When Redmond failed to pay the charges, Davis sued and obtained judgment against Redmond on December 20, 1989. On January 10, 1990, Davis initiated this action against Sifa and Superior.

At trial on September 26, 1991, Superior's Motion to Strike was sustained. The claim against Sifa was taken under advisement, and counsel have since submitted memoranda.

At the trial on September 26, 1991, the Court found the principal witnesses, Mr. Davis and Mrs. Woleben, to be thoroughly credible and convincing. In all material

respects, their witnesses corroborated the testimony of each. Yet there are striking conflicts in their testimony.

Davis stated that Woleben unconditionally authorized the rental to Redmond in a telephone call on the day the lease agreement was signed by Redmond. At the top of the lease form, Davis wrote that (Sifa/Woleben) authorized the transaction. Davis did not take a deposit or credit card from Redmond. It is not likely that Davis, an experienced and respected businessman, would have rented this car to Redmond unless he believed Sifa would be responsible for the rental charge.

Woleben, on the other hand, testified that when Davis called her at the time of the lease, she informed him that her insured's policy would cover the cost of a car rental only if Redmond's car was undriveable as a result of the accident. In fact, it was shown that the car was driveable.

Mrs. Thrift, Davis's office manager, testified for plaintiff that she knew Woleben and called her three times, each time being reassured that the rental would be paid. Woleben claims only one call came from Thrift and that she informed the "lady from Davis Dodge" that only if Redmond's car was not operable would a rental be authorized. Both witnesses testified consistently and credibly. The court can only speculate as to where the truth lies between them.

As plaintiff's counsel notes in his brief, we must first resolve the factual disputes. This is made difficult and, indeed, impossible, when virtually every material fact established by apparently reliable evidence on one side is contradicted by apparently equally reliable evidence on the other. Whenever evidence leaves uncertainty as to which of several hypotheses is true, or merely establishes some finite probability in favor of one hypothesis rather than another, such evidence cannot amount to proof. Suspicion and speculation are not sufficient.

Davis has the overall burden of persuasion. While the burden of proof in a case such as this shifts from issue to issue during the course of the trial, the overall burden of persuasion never shifts. Thus, upon consideration of all the evidence, unless the court is convinced of liability, the plaintiff will lose for he has the risk

of nonpersuasion. See *The Law of Evidence in Virginia*, Charles E. Friend, Section 81.

The plaintiff sues in debt, which requires a finding of a contract between him and Sifa. There being nothing in writing binding Sifa, the contract, if found at all, must be found in the telephone conversation between Davis and Woleben. To find a contract here, there must be a consensus between the parties. They must agree to the same thing at the same time. They must have a distinct intention common to both and without doubt or difference. Michie's Jurisprudence, vol. 4B, *Contracts*, § 26. Until all understand alike, there can be no assent and, therefore, no contract.

I believe Davis testified truthfully and that he assumed, from his conversation with Woleben, that she had given unconditional authority to lease the car. However, I am equally convinced that Woleben testified truthfully and that she informed Davis that only if Redmond's car were not driveable was a lease authorized. I have searched diligently through the file, the exhibits, my trial notes, and counsel's memoranda, and I can find no reason to give more weight to the testimony of one than to the other. This is consistent with my feelings at the conclusion of the September 26, 1991, hearing, at which I felt both witnesses, as well as their supporting witnesses, were testifying to the truth as they believed it.

In summary, I am not persuaded that an agreement between the parties was created so that liability on Sifa could be properly imposed. I remain uncertain as to what transpired. Not being persuaded, I must find in favor of Sifa. Having reached this conclusion, it is not necessary to consider the other issues of failure of consideration and the agent's authority to act.